**Barbara SUNDERLAND, Appellant,**

v.

**ST. LUKE'S EPISCOPAL HOSPITAL, et al., Appellees.**

**No. 13–91–428–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 6, 1992.

Jeffrey R. Bale, Gerald M. Birnberg, Williams, Birnberg & Andersen, Henry L. Burkholder, III, Houston, Harry H. Walsh, III, Walsh & Green, Huntsville, for appellant.

A. Scot Chase, Mary P. Pasewark, Matthiesen & Associates, Lance C. Winchester, Ryan & Winchester, Ellen Finlay, Mayor, Day & Caldwell, Solace Kirkland, Houston, for appellees.

Before DORSEY, GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, JR., JJ.

## OPINION ON MOTION FOR REHEARING

DORSEY, Justice.

On rehearing, we more fully address the merits of the trial court's granting of summary judgment on appellant's DTPA claim. Appellant's motion for rehearing is overruled.

Appellant contends that representations made by Klima and Oliveira with regard to particular tests performed on her baby caused her emotional distress. Sunderland maintains that because the doctors allegedly lied to her about the tests they actually performed, she will never know the cause of her baby's death. Therefore, she argues, these misrepresentations violated the DTPA. We disagree.

TEX.BUS. & COM.CODE ANN. § 17.50 (Vernon 1987) states that a consumer can maintain an action under the DTPA when a deceitful act constitutes the producing cause of actual damages. The deceitful act alleged was the representation to Sunderland that viral and bacterial tests were performed on her stillborn child. Drs. Klima and Oliveira agree that no such tests were performed. However, they state that such tests, if performed, would have been inconclusive, because of the deteriorated

condition of the tissue specimens. The specimens were not susceptible to successful viral and bacterial analysis because the child died several days prior to its delivery. Appellant has no competent summary judgment evidence to controvert that such tests could have indeed been performed with resultant answers to her concerns.

Sunderland's alleged injury is the infliction of emotional distress from not knowing whether her child died from a viral or bacterial cause. Because the uncontroverted evidence is that such testing, if done, would have been inconclusive, the misrepresentation itself was not a cause of Sunderland's distress. Rather, the absence of a successful analysis addressing her concerns caused her injury. There is no evidence of a causal link between the alleged misrepresentation and the alleged injury.

We have again reviewed appellant's complaints about the competency of appellees' summary judgment proof. Appellant's concerns go to the credibility of the interested witnesses and whether their statements may be readily controverted. We hold that the affidavits meet the standards set out in TEX.R.CIV.P. 166a(c).

The trial court did not err by granting summary judgment. Appellant's motion for rehearing is overruled and the judgment is

AFFIRMED.